IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL SUMPTER, | ) | Civil No. 05-1864-CL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, Commissioner | ) | |
| of Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Michael Sumpter brings this action pursuant to 42 U.S.C. § 405(g), for judicial review of a final decision by the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. The government has confessed error, but moved to remand for further administrative proceedings instead of awarding benefits. Magistrate Judge Cooney issued Findings and Recommendation, which recommended granting Defendant's motion. The matter is now before me for de novo review pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

## Discussion

This matter has dragged on for five years, with a record spanning over 1100 pages. The government now wants the matter

1 - ORDER

remanded for a third hearing. The Administrative Law Judge ("ALJ") made numerous errors during the prior two proceedings. The Magistrate Judge's Findings and Recommendation catalog at least 14 errors the ALJ made in the most recent decision alone. Even that analysis appears overly generous to the ALJ.[1]

The Ninth Circuit looks with disfavor on this "heads we win, tails, let's play again" approach to disability adjudications. Benecke v. Barnhart, 379 F.3d 587, 589 (9th Cir. 2004). I will adopt the Magistrate Judge's recommendation and reluctantly remand the matter one final time --but it is the final remand. If this matters returns, the court will resolve the matter, one way or another.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[1] For instance, the F&R accepts the ALJ's finding that Plaintiff "painted" a house, but such description may overstate the work performed, at least on the present record. I also am concerned by the ALJ's finding that Plaintiff is suitable for the job of "Surveillance Systems Monitor," given testimony that Plaintiff's medications often cause him to doze off. That those medications include prescribed pain-killers and other medications does not preclude Plaintiff from being eligible for benefits if his doctors have reasonably determined that these medicines are needed to treat intractable pain.

The ALJ also dismissed Plaintiff's citation to a district court opinion because it was a mere "slip" opinion not formally published in the official West reporter. Whether a district court opinion is published in the paper volumes does not affect its validity. The ALJ further states, "as counsel is well aware . . . district court cases do not carry any precedential value, *either persuasive* or binding." AR 29 (emphasis added). We must have attended different law schools.

2 - ORDER

## Conclusion

The Findings & Recommendation (# 29) are adopted as modified herein. Defendant's motion (# 23) to remand is granted. The matter is remanded to the Commissioner for further proceedings, pursuant to Sentence Four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this __31__ day of May, 2007.

Owen M. Panner
United States District Judge

3 - ORDER